**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ROBERT GARNER,

    Petitioner,

-vs-                                                  Case No.  8:06-CV-1254-T-30EAJ

JAMES McDONOUGH,

    Respondent.
_____/

## ORDER

Petitioner, a State of Florida inmate, initiated this action *pro se* by filing a Petition for Writ of Habeas Corpus challenging convictions entered in the Sixth Judicial Circuit Court, Pasco County, Florida (Dkt. 1). The Court has undertaken the preliminary review mandated by Rule 4, Rules Governing Section 2254 Cases (2005), and concludes that the Petition is subject to summary dismissal as time barred under 28 U.S.C. § 2244(d).

### Background

On April 6, 1994, Petitioner was convicted of two counts of first degree murder and sentenced to concurrent terms of life imprisonment, with a minimum mandatory term of 25 years. Represented by counsel, Petitioner filed a direct appeal. His convictions and sentences were affirmed on October 9, 1996, with the mandate issuing on November 13, 1996. *See Garner v. State*, 683 So.2d 121 (Fla. 1d DCA 1996) (table decision).

In August 1998, Petitioner filed an application for state post-conviction relief pursuant to Fla. R. Crim. P. 3.850 (Dkt. 1 at 4). Petitioner raised the following claims for relief in his Rule 3.850 motion: (1) the trial court erred in sentencing Petitioner as an adult; and (2) trial

counsel was ineffective in failing to (a) present a voluntary intoxication defense; (b) call alibi witnesses; and (c) move to suppress Petitioner's pre-arrest statement. *Id.* The trial court's denial of the motion, entered in March 2001, was affirmed on December 27, 2002. *Garner v. State*, 837 So.2d 975 (Fla. 2d DCA 2002) (table decision).

Petitioner filed a request for federal habeas relief pursuant to 28 U.S.C. § 2254 on October 27, 2003. *See Garner v. Secretary, Dep't of Corrs.*, Case No. 8:03-CV-2233-30MSS (M.D. Fla. 2004). The district court entered an order informing Petitioner that because Ground Two of his petition was not exhausted in state court, the petition was subject to dismissal as a "mixed petition." *Id.* at Dkt. 5. Petitioner was advised that he could, however, elect to abandon the unexhausted claim and proceed on the claims that were properly exhausted. *Id.* Petitioner was cautioned that the limitation period applicable to § 2254 petitions was not tolled during the time in which his § 2254 petition was pending, *see Duncan v. Walker*, 533 U.S. 167, 172 (2001), and advised that any subsequently filed habeas petition challenging the same conviction might be barred by the limitation period, *see* Case No. 8:03-CV-2233-T-30MSS, Dkt. 5 at 2. Despite these warnings, Petitioner filed a request to voluntarily dismiss his petition on February 13, 2004, stating that he wanted to return to state court to exhaust his claim before proceeding. *See id.*, Dkt. 6. The motion was granted, and the petition was dismissed without prejudice on February 27, 2004.[1] *Id.*, Dkt. 7.

---

[1] When he filed his first § 2254 petition, Petitioner had a Rule 3.853 motion for DNA testing pending in state court. The disposition of that motion is of no consequence to these proceedings, however, given the Eleventh Circuit's conclusion that a request for DNA testing is a request for the production of evidence, which "neither directly, nor by necessary implication, attack[s] the validity of the conviction and sentence." *Bradley v. Pryor*, 305 F.3d 1287, 1288 (11th Cir. 2002), *cert. denied*, 538 U.S. 999 (2003) (reversing dismissal of § 1983 suit to compel the state to produce evidence for DNA testing). *See also Thompson v. Crist*, 2006 WL 2924129 at *2 (11th Cir. Oct. 13, 2006).

Subsequently, Petitioner applied for leave to file a successive § 2254 petition in the Eleventh Circuit Court of Appeals. Because the dismissal of his first § 2254 petition was without prejudice, his request was denied on December 16, 2004, as unnecessary. *See In Re: Garner*, Case No. 04-16070-D (11th Cir. 2004); *In Re: Garner*, Case No. 8:04-MC-1448 (M.D. Fla. 2005).

Petitioner filed a successive Rule 3.850 motion on March 17, 2005 (Dkt. 1 at 4), which the trial court summarily denied on August 22, 2005 (Dkt. 1, Ex. B). The state district court affirmed the trial court's denial of Petitioner's motion on May 10, 2006, with the mandate issuing on June 14, 2006 (Dkt. 1 at 7). *See Garner v. State*, 932 So.2d 1111 (Fla. 2d DCA 2006) (table decision).

Petitioner filed the present request for federal habeas relief on July 1, 2006, asserting one ground for relief:

> The trial court manifestly misdirected the jury in its supplemental instruction to the jury's question[s] . . . "If all elements met in first-degree felony murder, and all elements met in manslaughter, can we choose manslaughter?" "If not, where do we indicate felony murder on the verdict form?"

Dkt. 1 at 5. Having reviewed the § 2254 petition Petitioner previously filed with the district court and the argument presented in the petition currently before the Court and the documents attached thereto, the Court finds that the petition is barred under 28 U.S.C. § 2244(d).

**Standard of Review**

State prisoners whose convictions became final after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), have one year from the latest of any of four events to file a § 2254 petition: (1) the date on which the conviction became final; (2) the date on which any state-imposed impediment to filing the

petition is removed; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The one-year limitation provisions are applicable to Petitioner's claim because the petition was filed after the AEDPA's enactment date.

**Discussion**

In the present case, Petitioner's convictions became final on direct appeal on January 7, 1997, when the time for filing a petition for certiorari review expired. *See* Sup. Ct. R. 13.1; *Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002). *See Garner v. State*, 683 So.2d 121 (Fla. 1d DCA 1996) (table decision). Petitioner had until January 7, 1998, to file a timely petition for federal habeas relief, absent tolling by a properly filed application for state post-conviction relief. Petitioner acknowledges that he delayed until August 1998, before filing an application for state post-conviction relief (Dkt. 1 at 4). Assuming that at the latest, Petitioner filed a Rule 3.850 petition on August 1, 1998, it would have been filed 206 days after the limitation period expired. Once AEDPA's limitation period expires, it cannot be reinitiated, *see Tinker v. Moore*, 255 F.3d 1331, 1333-34 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002). Thus, any application for collateral relief Petitioner filed after January 7, 1998, had not tolling effect.

Petitioner does not contend that a state created impediment prevented him from filing his claim or assert a claim based on a constitutional right initially recognized by the

Supreme Court and made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(B)-(C).  Petitioner does, however assert that he is entitled to proceed under 28 U.S.C. § 2244(d)(1)(D). Pursuant to § 2244(d)(1)(D), the one-year statute of limitations can run from "the date on which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence."

In the one claim for relief raised in the habeas petition, Petitioner asserts that the trial court's response to two questions posed by the jurors after three hours of deliberations was so "unresponsive, ambiguous, and misleading" that it caused the jury to find Petitioner guilty of first degree (felony) murder rather than manslaughter. The record reflects that the jurors asked the following questions:

1.  If all elements [are] met in first degree felony murder and all elements [are] met in manslaughter, can we find the defendant guilty of manslaughter?

2.  If not, where do we indicate felony murder on the verdict form?

Dkt. 1, Ex. B at Tr. 813.  The trial court responded as follows:

> I am going to read you the following instruction which was previously read, and I will read you another instruction with some further clarification.  First instruction I'm going to read you is on page three.  It's 2.02(A), when there are lesser included crimes, okay?
>
> In considering the evidence, you should consider the possibility that although the evidence may not convince you that the defendant committed the main crimes of which he is accused, there may be evidence that he committed other acts that would constitute a lesser included crime.
>
> Therefore, if you decide that the main accusation has not been proved beyond a reasonable doubt, you will next need to decide if the defendant is guilty of any lesser included crime.  Lesser crimes indicated in the definition of murder in the first degree are under murder in the second degree, murder in the third degree and manslaughter burglary.
>
> Now I'm going to read you murder [ ] first degree which is two pages beyond where I just left off.  There are two ways in which a person may be convicted of first degree murder.  One is known as premeditated murder and the other is known as felony murder. You need not make the distinction in your verdict

>  form if your verdict is murder in the first degree. Please resume your deliberations.

Dkt. 1, Ex. B at Tr. 823-24. Petitioner contends that the trial court's "supplemental instruction. . . depriv[ed] [him] of his constitutionally protected right to due process of law, and to have the jury not the judge determine his guilt or innocence, and if guilt was determined[,] to what degree" (Dkt. 1 at 6A-6B).

Seeking shelter under § 2244(d)(1)(D) for his claim that the jury was misled, Petitioner relies on an affidavit executed by his mother, Natalie Monfreda, on June 26, 2006, as support for his assertion that he could not have discovered "the factual predicate" for his claim prior to January 2005, when his mother told him about a conversation she had with an unidentified female juror who approached her following his trial (Dkt. 1 at 14-14A). According to Mrs. Monfreda, she was told that the jurors felt that Petitioner was just "in the wrong place at the wrong time" and would have returned a verdict of guilty on the lesser included offense of manslaughter had they not become confused by the judge's response to their questions.

A review of the § 2254 petition Petitioner filed on October 23, 2003, revealed that the claim he asserts herein was presented as Ground Two of the 2003 petition, sans Mrs. Monfreda's affidavit.  Specifically, Petitioner asserted that the trial court responded to the jury's questions "in a way which implied" they "could not" find him guilty of manslaughter "and that they should, for 'felony murder[,]' check first degree murder." Case No. 8:03-CV-2233-T-30MSS, Dkt. 1 at 6-7. Petitioner contended then, *id.* at 5, as he now does, that the trial court's response "denied him his constitutionally protected right to due process of law," arguing that:

>  It was . . . clear that the jury had soundly rejected premeditation and did not believe that [Petitioner] himself had killed anybody, [sic] because they were

-6-

> trying to choose manslaughter but were unsure if they had the descretion [sic] to do that under the law, [sic] if they also had met the elements of <u>felony murder</u>. . . .

*Id.*, Dkt. 2 at 12-18.

In the present petition, Petitioner acknowledges that he raised his claim in the § 2254 petition filed in 2003:

> 14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition.
>
> Response: Yes.
>
> If "yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.
>
> Response: In the Middle District of Tampa. Case No. 8:03-CV-2233-T-30MSS, Federal habeas corpus 28 U.S.C. § 2254. Failure of trial court to properly instruct the jury concerning felony murder. This Petition was dismissed without prejudice on February 27, 2004.

Dkt. 1 at 12.

Finally, Petitioner's sworn statement in the petition filed in 2003 that he did not raise this claim on direct appeal because "the public defender said it was not important," *see id*. at 6, contradicts Petitioner's contention in the present petition that this issue was not raised previously because "[it] was only recently discovered." Petitioner cannot circumvent the AEDPA's limitation period now by disavowing sworn statements in the 2003 petition. The Court concludes, therefore, that Petitioner was aware of the facts underlying this claim before his conviction was affirmed on direct appeal on October 9, 1996. Petitioner has, therefore, not demonstrated that he is entitled to proceed on his untimely petition under § 2244(d)(1)(D).

The petition is clearly time-barred under 28 U.S.C. § 2244(d)'s one-year limitation period unless Petitioner demonstrates that he is entitled to equitable tolling. Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.' " *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*)).

"The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corrs.*, 297 F.3d 1278, 1286 (11th Cir. 2002). Having reviewed the petition and documents attached thereto, the Court finds that Petitioner has failed to allege, much less establish, that extraordinary circumstances that were both beyond his control and unavoidable with diligence prevented him from presenting his claim before the limitation period expired, which are essential elements for the imposition of equitable tolling. *See Helton v. Sec. for the Dep't of Corrs.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001).

While the Eleventh Circuit has yet to address this issue in the context of AEDPA's limitation period, generally, a procedural default may be excused if the petitioner can show failure to address the claim on the merits would lead to a fundamental miscarriage of justice, often referred to as the "actual innocence" exception. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977). Assuming, without deciding, that an "actual innocence" exception to the limitation period exists, the Court finds that Petitioner fails to state a colorable claim of actual innocence.

A petitioner in a collateral proceeding who wishes to establish his actual innocence to avoid a procedural bar to consideration of the merits of his underlying claim must demonstrate that "a *constitutional* violation has probably resulted in the conviction of one

who is actually innocent." *Schlup v. Delo,* 513 U.S. 298, 327 (1995) (emphasis added). This gateway applies only if the petitioner can demonstrate that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *House v. Bell,* __ U.S. __, 126 S.Ct. 2064, 2076-77 (2006); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. at 327-28). As the *Schlup* court held:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Schlup v. Delo*, 513 U.S. at 324. Petitioner must establish factual innocence rather than mere legal insufficiency. *Id*; *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). In other words, this exception is not available unless "the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir.1995) (denying certificate of probable cause) (footnote omitted).

Ms. Monfreda's averments are clearly hearsay statements unrelated to Petitioner's guilt or innocence of the crimes of conviction.[2] This Court concludes, as did the state trial court in rejecting Petitioner's assertion that the two-year limitation period applicable to applications for post-conviction relief under Florida law should not apply to his Rule 3.850 motion, that "[t]his [affidavit] does not qualify as newly discovered evidence that would extend the deadline for filing . . . for post-conviction relief." Dkt. 1, Ex. B, Order Denying Motion for Post Conviction Relief at 2.  Petitioner has failed to satisfy the threshold requirement that he come forward with "new" *reliable evidence of <u>factual</u> innocence*, and

---

[2]*See* Fed.R.Evid. 801(c) ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fla. R. Evid. 90.801(1)(c); (if the statement is offered for some purpose other than its truth, the statement is not hearsay and is generally admissible if relevant to a material issue in the case).

there is nothing in the record that suggests a miscarriage of justice will occur if the Court does not reach the merits of Petitioner's claim. *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

Petitioner fails to proffer "specific facts which support a finding that one of these exceptions to the procedural default rule exists." *Hill v. Jones*, 81 F.3d 1015 (11th Cir. 1996). The merits of Petitioner's claim will not, therefore, be addressed. *See Kight v. Singletary*, 50 F.3d 1539, 1541 (11th Cir. 1995).

## Conclusion

For the foregoing reasons, the Court determines that the petition is untimely pursuant to 28 U.S.C. § 2244(d). Because the petition is barred by statute, the deficiency cannot be cured by amendment or discovery.

ACCORDINGLY, the Court **ORDERS** that:

1. The petition for writ of habeas corpus is **DENIED** (Dkt. 1).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

3. Within **30 DAYS** of the date of this order, the Court will consider a motion to reopen the case if Petitioner can show, under the prevailing case law, that he is entitled to equitable tolling.

**DONE** and **ORDERED** in Tampa, Florida on October 27, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
*Pro Se* Petitioner/Counsel of Record

SA:jsh