**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ROBERT GARNER,

    Petitioner,

-vs-                                                Case No.  8:06-CV-1254-T-30EAJ

JAMES McDONOUGH,

    Respondent.
_____/

## ORDER

This matter comes before the Court for consideration of Petitioner's Notice of Appeal of the October 27, 2006 decision denying his petition for relief under 28 U.S.C. § 2254 (Dkt. 8), Motion for Certificate of Appealability (Dkt. 9), *see* Fed. R. App. P. 22[1] and 28 U.S.C. § 2253,[2] and an Affidavit of Indigency filed in support of his request to proceed on appeal *in forma pauperis* (Dkt. 10).

To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claim and (2) the procedural

---

[1]"Certificate of Appealability. (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2]"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;. . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001).  Because the petition is time-barred and Petitioner has failed to make a sufficient showing of the "extraordinary circumstances" required to warrant equitable tolling of the limitations period, Petitioner has failed to satisfy the second prong of the *Slack* test.  529 U.S. at 484.  Petitioner has further failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c).

ACCORDINGLY, the Court **ORDERS** that**:**

1. Petitioner's Motion for Certificate of Appealability (Dkt. 9) is **DENIED**.

2. The request for leave to proceed *in forma pauperis* on appeal is **DENIED** (Dkt. 10).

**DONE** and **ORDERED** in Tampa, Florida on January 4, 2007.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
*Pro se* Petitioner

SA:jsh